UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Deverne Morris, | ) | C/A No. 5:15-cv-01960-DCN-KDW |
|                 Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Nurse Heather, | ) | |
|                 Defendant. | ) | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Deverne Morris ("Plaintiff") filed the Complaint under review when he was a detainee at the Williamsburg County Detention Center ("WCDC"). In his Complaint, Plaintiff complains that he suffered some type of insect bites while detained at WCDC "between the months of February and April 2015," but that Defendant, a nurse at the detention center, refused to treat him for the bite for "a couple of days." Compl. 3, ECF No. 1. Plaintiff alleges that when Defendant did provide him with attention to the already spreading affected area, she told an officer to give Plaintiff bleach to clean his cell and to have him change his bed sheets. *Id*. Plaintiff also alleges that he later saw Defendant "concerning another incident about a spider bite . . ." and that he once again "receive[d] poor treatment." *Id*. Finally, Plaintiff alleges that the

WCDC "living arrangement is unfit an (sic) filthy also nasty which would be unsanitary." *Id*. Plaintiff seeks a "settlement of $150,000." *Id*. at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

With respect to medical and health needs, a prisoner seeking to establish a plausible claim for damages under 42 U.S.C. § 1983 must show deliberate indifference by state actors such as institutional doctors, nurses, and corrections officers to a serious medical need.[1] *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1977); *Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990). At the threshold, a complaint of deliberate indifference must disclose an objective injury or inattention to serious medical need. *Shakka v. Smith*, 71 F. 3d 162 (4th Cir. 1995); *Strickler v. Waters*, 989 F. 2d 1375 (4th Cir. 1993). Additionally, deliberate indifference involves a subjective component which the United States Supreme Court has termed a "sufficiently culpable state of mind" on the part of defendants. *Wilson*; *Johnson v. Quinones*, 145 F. 3d 164 (4th Cir. 1998). For a claimant to prevail on such a claim, "the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Section 1983 medical indifference claims do not encompass medical malpractice claims or other negligence-based claims arising from medical care. *Estelle*, 429 U.S. at 106. In this regard, it was held that "[a]lthough the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (emphasis added). Furthermore, it is well settled that

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole,* 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject-matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

negligent or incorrect medical treatment (medical malpractice) is not actionable under § 1983. *Estelle*, 429 U.S. at 106. Negligence, in general, is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *see Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly*: "The district court properly held that *Daniels* bars an action under §1983 for negligent conduct[.]"). Also, § 1983 does not impose liability for violations of duties of care arising under state law. *See, e.g.*, *Brooks v. Celeste*, 39 F.3d 125 (6th Cir.1994); *Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994); *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990).

Although he does not state what form of indifference he seeks to rely upon in this case—medical indifference or indifference to inmate safety—Plaintiff's Complaint fails to sufficiently allege either form of indifference. Plaintiff's allegations do not show that Defendant was either objectively or subjectively indifferent to Plaintiff's medical needs at WCDC. Although Plaintiff states that Defendant refused to treat his skin condition immediately when he requested that she do so, he was told to sign up for medical care and was seen "in a couple of days." ECF No. 1 at 3. Other than a broad statement that the initial skin problem had spread by the time he went to "sick call," there are no allegations that Plaintiff was in pain or otherwise suffering during the "couple of days" that he waited to go to sick call. Also, there are no allegations that Defendant ignored Plaintiff's medical needs. Instead, it appears that Plaintiff was not satisfied without immediate attention and did not agree with Defendant's advice that he clean his cell with bleach and change his bed sheets. Also, there are no allegations showing that Defendant ignored Plaintiff's subsequent request for medical care for a "spider bite" or that he needed more care than was given to him. At most, there appears to have been a disagreement over how much care

4

was given and how quickly it was provided. Plaintiff's conclusory assertion that he received "poor treatment" from Defendant raises only the issue of whether Defendant was negligent in the care that she provided Plaintiff. It does not show that he was subjected to medical indifference.

Furthermore, to the extent that Plaintiff seeks to recover damages based on a claim that the condition of the premises at WCDC caused his skin condition/insect bites because of indifference to inmate safety, the Complaint fails to support such a claim. Other than broad and conclusory allegations that the living conditions at WCDC are "filthy" and "unfit" and "nasty" and "unsanitary," ECF No. 1 at 3, Plaintiff provides no factual information about the conditions or about whether this Defendant was aware of such conditions and knowingly failed to correct them if needed. In fact, there are no allegations specifically connecting the alleged living conditions to the only alleged injuries of unknown-insect bites or a spider bite, nor are there allegations from which it could be inferred that Defendant, a nurse, had any responsibility or ability to correct the living conditions for detainees at WCDC. In any event, words such as nasty, filthy, unfit, and unsanitary used to describe the WCDC living conditions are, essentially, Plaintiff's legal conclusions which this court is not required to accept as true. Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.Without additional factual details, such conclusory words are not sufficient to state a plausible conditions-of-confinement-claim against any person under § 1983.

Finally, while claims of negligence and medical malpractice are actionable under South Carolina law and in this court under specific circumstances, they should be brought *only* in state court *unless* diversity of citizenship is present. *See* S.C. Code Ann.*,* § 15-78-30(a) (South Carolina Torts Claims Act governs negligence actions against a state official or employee); *Browning v. Hartvigsen*, 414 S.E.2d 115, 116-18, 116 n.1, 117 n.2 (S.C. 1992); *see also Willis v. Wu*, 607 S.E.2d 63 (S.C. 2004) (medical malpractice action against non-governmental medical personnel pursued under the state's general tort law). This court may consider negligence or malpractice claims only if there is diversity of citizenship and over $75,000 in controversy in a medical malpractice case. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties *and* an amount in controversy in excess of $75,000.00:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between─
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). There is no diversity of citizenship in this case, however, because both Plaintiff and Defendant are residents of the State of South Carolina as shown by the allegations in the Complaint (ECF No. 1, Compl. 2) and from the service documents that Plaintiff submitted along with his Complaint. Because Plaintiff does not adequately plead deliberate indifference to either his medical needs or to his safety by the named Defendant, and because diversity jurisdiction is unavailable to consider any negligence claims, the Complaint under review does not state a claim upon which relief may be granted.

IV.     Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

May 29, 2015                                                                    Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).